1843, International Medical Devices v. Cornell. Again, Mr. Puff. Thank you, Your Honor. The Court has been very generous with its time, and I appreciate your attention. And so I'm going to be concise on this issue. Obviously, this appeal is the challenge to the cost award that follows from the underlying judgment. With respect to the cost, I want to make the point that I think the law is uniform, that in order to be a prevailing party for purposes of cost, a party must secure some relief on the merits that materially alters the legal relationship of the parties. If the Court reverses the judgment against the defendants, and in this instance particularly against my client, Richard Finger, then there is no material alteration that would support an award of cost. I want to acknowledge that when we prepared the brief, I was relying on cases like future link from this court that say the question of prevailing party status under Rule 54 is a matter of federal circuit precedent. In preparing for the argument that occurred to me, you might question whether that should be a matter of regional circuit precedent, and to the extent that you have that question, there's no difference. And I'd call your attention to Miles v. the State of California, which is that 320 Fed Third 986, a Ninth Circuit decision that establishes that same material alteration standard. And so the clash that arises in the briefing here is one in which the plaintiff suggests that if the judgment remains intact with respect to any defendant as to any claim, they're prevailing parties and they're entitled to all their costs. That's not correct. We cited the controlling authorities that established if the underlying judgment is reversed, the cost order must be reversed and sent back to the district court. The reason is that they may ultimately be prevailing parties as to some defendants, and then the district court could tax the appropriate costs as to those defendants. But with respect to my client, Richard Finger, let me be clear. The fact that they may have a judgment at the end of the day against the other defendants does not matter to my client. He was sued individually. He was found liable individually. And if he prevails on his claims against individual liability, the plaintiffs are not prevailing parties as to him and they are not entitled to costs as to him. Unless the court has questions, I'll yield the rest of my time. Okay. Thank you. Mr. Mannon. Thank you, Judge Dyke. And I'll endeavor to be similarly brief. On the cost issue, so there's two issues here, the cost issue and then we have the cross appeal regarding fees, just to deal with costs first. As this court has said in Shum versus Intel, there's only one prevailing party. Parts of the judgment have not been appealed related to breach of contract, related to copyright infringement, will remain the prevailing party regardless in that case. And so the district court's cost award should be affirmed. Just, I guess, if there's only going to be one prevailing party, why wouldn't we, if we disturb anything here in the judgment in front of us, maybe put aside something, anything significant, okay, why wouldn't we send it back to the district court to reassess whether, who is the prevailing party? Your Honor, I think the reason is that there's no counterclaims. There's nothing going back that's going to affect, I mean, if we don't prevail on our claims, that just means we haven't prevailed on all the claims. But we have prevailed on some claims that aren't appealed. And so there's nothing in the posh of this case that whatever the court does... I guess I'm just trying to understand. If there's only one prevailing party in a case, even for the cost provision, let alone other fee, attorneys' fees provisions, then the trial court has to look at who won how much and who lost how much. And if that shifts, isn't the new determination required? I don't believe so, Your Honor, because I think, going from memory here, but I think the Lovencare case that came out, this court had a couple of years ago, talked about how it remanded for certain things to be, I believe it was inequal conduct that got remanded. But the question was, as far as prevailing party status goes, the claims that were being affirmed, or in this case the claims that haven't been challenged, will still remain. And so my recollection is the court affirmed the cost and worth there, because nothing's going to change the fact that IMD brought claims. IMD has prevailed on those claims, and therefore it's the prevailing party. Okay, but there's this netting out concept. I'm not sure that the briefs address that, but there is authority where one party prevails on some claims, another party prevails on another set of claims. There's kind of a netting out concept with respect to the cost. I don't mean to get into that, but I'm not sure that the law that says there's only one prevailing party bars that kind of netting out concept. I'm not going to fight too hard on this court saying if it needs a sentence and costs back. I think on the netting out point, the one thing I would note, though, is I can't tell you all those cases, but certainly it matters if there are counterclaims being addressed, too. So the netting out may be one party wins on its claims, and the other party wins on its claims, and then you have to figure this out. There are no counterclaims that are issued here. It's only our claims, and we don't have to prevail on all of our claims in order to be the prevailing party. Just one brief word on the attorney's fees issues. We note in our brief we think the court focusing on attorney's fees being duplicative of exemplary damages was just the wrong standard, because attorney's fees serve a different purpose than exemplary damages. In essence, the court was treating them as another form of exemplary damages as the Tenth Circuit case, Clearwater Communications case, I think makes clear. Attorney's fees in the trade secret context serve a different purpose. They're not a form of exemplary damages. Yeah, but the judge also said there was no bad faith here, right? Yes, but bad faith is under the attorney's fee statute. That's a separate ground for attorney's fees. If a claim was brought in bad faith or if there was willful and malicious misappropriation, the court can award attorney's fees. So focusing on the bad faith only focused on part of the statute that goes to looking at whether the claim was brought or resisted in bad faith. Willful misappropriation is a separate ground. At the very least, if the court decides to disturb, which we urge the court not to, but if the court decides to disturb the exemplary damages finding, then at the very least it should go back because that was the basis for the district court's order, and so it's now changed the basis for her to deny fees to begin with. Unless the court has other questions, I thank you, Your Honor, for your time. Thank you. Mr. Poston, anything further? Thank you, Your Honor. I will not address the cost issue further. I will speak to the cross-appeal on the attorney's fees. The first point that I want to make is that in the main appeal, I made the point that there is certainly no evidence of malicious conduct by my client, Richard Finger. That would be a predicate to an award of attorney's fees as much as it's a predicate to award of exemplary damages. That's an independent basis on which you could not reverse on this issue. The second point I would make, Judge Toronto, I wanted to speak to the question. Just so I'm clear, you're saying that maliciousness is a necessary requirement? It is. It is, yes. And so I would call your attention, Your Honor, I pointed to these cases earlier, but the Applied Medical case and the Champion Systems case from the California Court of Appeals says willful and malicious under the California Uniform Traitee Act is a two-part test. Evidence of willful conduct is not enough. There must also be evidence of malicious conduct. And because there's no evidence here that Mr. Finger did anything malicious, they couldn't get fees from him just as they can't get exemplary damages from him. That's the first point. The second point is I wanted to respond to the question you asked about the pre-trial order because it's material here as well. You questioned whether the pre-trial order had actually omitted the claim for exemplary damages, and as counsel pointed out, it not only omitted the claim for exemplary damages, it omitted the issue of willful and malicious prosecution. And if you look at the... I think they're getting back into the first appeal. I'm not trying to for this purpose, Your Honor, but what I am saying is if you look at the Supreme Court's decision in Rockwell, that court accepted the proposition that claims and issues that are omitted from the pre-trial order are out of the case. And so the willful and malicious issue was out of the case when it was omitted from the pre-trial order, and therefore it's out of the case for attorney's fees purposes as much as it's out of the case for purposes of exemplary damages. And it was not resurrected by a stipulation that referred only to reasonable royalty. Third point is that the argument that counsel is making today that the district court erred in some respect by failing to award fees based on the content of the litigation is not an argument that was preserved below. They committed to the proposition that they could be entitled to attorney's fees on the basis of the willful and malicious finding that the court made. They're now making a different argument that they did not preserve below, and you can see that at pages 10-569 and at pages 11-965 to 66 of the appendix. And Judge Dyke, as you pointed out, at page 11 of the appendix, the district court found there was no indication that the defendant's litigation was vexatious or in bad faith. So there's no basis for any remand on attorney's fees. I appreciate your time. I thank both counsel. The case is submitted. That concludes our session for this morning.